## Moritz Roth, Appellant, v. Galva State Bank et al., Appellees.

### Gen. No. 5,876.   (Not to be reported in full.)

Appeal from the Circuit Court of Henry county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914.

### Statement of the Case.

Bill by Moritz Roth against Galva State Bank, Olof C. Anderson, Selma Anderson, S. P. Samuelson and Charles C. Wilson, executor of the last will and testament of Charles C. Wilson, deceased, to have reviewed, reversed and set aside a certain deficiency decree entered against the complainant in a foreclosure proceeding, wherein the Galva State Bank was complainant and the said Andersons, Roth and Wilson were defendants. The Galva State Bank demurred to the bill and the demurrer was sustained and the bill of review dismissed. From the decree, complainant appeals.

JAMES H. ANDREWS and NELS F. ANDERSON, for appellant.

ALBERT E. BERGLAND, for appellees.

MR. PRESIDING JUSTICE WHITNEY delivered the opinion of the court.

Peoria & Pekin Union Ry. Co. v. Corning & Co., 186 Ill. App. 237.

## Abstract of the Decision.

1.  MORTGAGES, § 645*—*when bill of review to set aside a deficiency decree properly dismissed.* A deficiency decree in a foreclosure proceeding was entered against a grantee of the mortgaged premises, who assumed the mortgage, and such grantee filed a bill to review the decree claiming that no deficiency decree could be entered against him in chancery for the reason that he did not own the premises when the bill for foreclosure was filed, and that he was not a proper party defendant to the bill in the absence of such an allegation. *Held* that the bill for review was properly dismissed for the reason that he had a complete remedy in the foreclosure proceeding if his contention was correct, first, by demurring to the foreclosure bill; second, by appealing from the deficiency decree entered against him; or third, by taking a writ of error and reviewing the whole proceeding for failure to find his ownership of the land, it also appearing that he could have answered the original bill setting up his conveyance, and it further appearing that he still had a right to prosecute a writ of error from the entire proceeding.

2.  MORTGAGES, § 635*—*against whom a deficiency decree may be entered.* Where a grantee of mortgaged premises assumed the mortgage and later conveyed the premises to another before bill for foreclosure was filed, *held* that he was a proper party defendant to a bill for foreclosure and that a deficiency decree could be entered against him.

3.  EQUITY, § 554*—*when bill is a bill of review and also in the nature of a bill of review.* Where complainant in a bill to review a deficiency decree against him in a foreclosure proceeding alleged as an affirmative fact, not appearing in the record sought to be reviewed, that before the bill for foreclosure was filed he had conveyed the mortgaged premises to another, *held* that the bill was a bill for review and also a bill in the nature of a bill of review.